UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER WASHINGTON,<br><br>   Plaintiff,<br><br>  v.<br><br>NICK WHITE, et al.,<br><br>   Defendants. | Case No. 18-cv-00333-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 11, 12 |

Plaintiff Tyler Washington filed this action against defendants Nick White, Lindsey Haynes, and Paul Wrapp, alleging four causes of action under 42 U.S.C. § 1983 based on: (i) malicious prosecution, (ii) violation of equal protection based on a class of one, (iii) violation of equal protection based on race, and (iv) violation of due process based on the protections outlined in *Brady v. Maryland*, 373 U.S. 83 (1963). Defendants move to dismiss all claims against them. Because Washington has failed to allege sufficient facts to state a claim under any of her causes of action, I GRANT defendants' motions to dismiss with leave to amend, except regarding the *Brady* claim--I dismiss it with prejudice because Washington's acquittal prevents her from stating a viable *Brady* claim.

**BACKGROUND**

**I. FACTUAL BACKGROUND[1]**

In or about October 2015, Washington (who is African American) met White through an on-line dating site; they subsequently started dating. Compl. ¶¶ 8, 40 (Dkt. No. 1). On January 2, 2016, after Washington dropped an overnight bag at White's home, they left his home to go out to

---

[1] In her opposition to the motion to dismiss filed by Nick White, Washington asserts several facts that are not alleged in the Complaint. I do not rely on these unpleaded facts in ruling on the motion to dismiss. Washington may include these facts (if relevant) if she chooses to file an amended complaint.

dinner. *Id.* ¶ 10. After dinner, they had drinks at two different locations; at the second location, Washington received a text from another man, which upset White. *Id.* ¶ 11. On the drive back to White's home, Washington and White had an argument that included threats, name calling, and physical contact. *Id.* ¶ 12. The argument continued at White's home. White attempted to remove Washington from his home by grabbing and pushing her while trying to get her to leave his house, despite the fact that she was intoxicated and leaving would pose a safety risk to herself and the public. *Id.* ¶ 13.

When Washington did not leave, White called the Mill Valley Police Department, identified himself as a Sausalito Police Department officer, and after finding out that defendant Wrapp was on duty that night, asked the dispatcher to forward his number to Wrapp. *Id.* ¶ 15. White made a second 911 call about 15 minutes later, stating that he wanted to report an assault by an unwanted subject in his residence. *Id.* ¶ 16. Around this time, Washington left White's home, driving a short distance before pulling off the road to park. *Id.*

Shortly thereafter, defendant Haynes responded to White's home. *Id.* ¶ 17. White identified himself as a Sausalito police officer, mentioned that he had asked to be put in touch with Wrapp (who was Haynes' supervisor that night), and alleged that Washington had attacked him prior to leaving in her car. *Id.* He provided Haynes with the make, model, and license plate number of the vehicle. *Id.* About 20 minutes later, Tiburon Police Sergeant Jill Congolani located Washington inside her parked car and detained her. *Id.* ¶ 18. Haynes and Wrapp were, at that time, at White's home and all three allegedly agreed that Washington should be arrested. *Id.* Haynes, "under the supervision of Wrapp," arrived at the location where Washington was being detained and, before interviewing her or completing any investigation, arrested her for violation of Penal Code section 273.5, domestic violence. *Id.* ¶ 19. Making that arrest prior to an interview or any investigation is allegedly contrary to the officers' training, policy, and practice. *Id*. ¶¶ 19, 21. Apparently, Wrapp at some point made a recorded interview of White. *Id*. ¶¶ 20, 23.

The District Attorney's Office prosecuted the domestic violence charge based only on White's "self-serving" statement and a biased and incomplete police report by Haynes, which did not include any reference to an allegedly exculpatory interview between Wrapp and White. *Id*.

2

¶ 20.[2] The DA did not conduct an independent investigation. *Id.* ¶¶ 20, 22. The existence of Wrapp's recorded interview with White was not disclosed to Washington pre-trial. *Id.* ¶ 23 At trial, the existence of the recorded interview was disclosed. *Id*. ¶ 23. Washington was acquitted of charges against her on or about March 27, 2017. *Id.* ¶¶ 23-24.

Plaintiff alleges that her experience is not an isolated one; two years earlier, White called Mill Valley police to falsely report he was the victim of domestic violence at his home caused by another woman. *Id*. ¶ 21. Haynes and other Mill Valley police officers responded to that incident, interviewed both parties, and chose not to arrest the woman, who was Caucasian. *Id*. ¶¶ 21, 41.

## II. PROCEDURAL BACKGROUND

Washington filed this action on January 16, 2018. Dkt. No. 1. Her Section 1983 causes of action are based theories that (1) she was maliciously prosecuted based on incomplete, false, and withheld evidence; (2) her rights to equal protection were violated because she was treated differently than other women without a rational bases and her arrest was irrational and arbitrary; (3) her rights to equal protection were violated because she was arrested, but the Caucasian prior victim of a false accusation of domestic violation was not; and (4) her rights to due process were violated because the defendants intentionally withheld the exculpatory evidence of White's recorded conversation with Wrapp. Defendants Haynes and Wrapp, and separately White, move to dismiss all claims. Dkt. Nos. 11, 12. I held a hearing on the motions on May 1, 2018.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Washington was also charged with aggravated trespass. Request for Judicial Notice, Ex. A (Dkt. No. 26-1). I GRANT the request for judicial notion of the amended criminal complaint filed against *Washington. Lee v. City of L.A*., 250 F.3d 668, 690 (9th Cir. 2001) (court may take judicial notice of undisputed matters of public record).

3

(citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

42 U.S.C. § 1983 provides a remedy for constitutional violations by persons acting under the color of state law. It provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . . subjects, or causes to be subjected, any citizen of the United States . . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted).

Section 1983 only affords relief where a person acting under color of state law actually or

4

proximately causes a violation of a "clearly established" protected right. *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Therefore, even if an individual defendant actually or proximately deprived a plaintiff of a protected right, the plaintiff must establish that this right was "clearly established," such that a reasonable official would know his or her conduct violated a protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**I.   MALICIOUS PROSECUTION**

A malicious prosecution claim brought under Section 1983 incorporates state law. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987). Under California malicious prosecution law, a plaintiff must prove that the underlying prosecution: "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (citing *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (2015) ("The absence of probable cause is a necessary element of § 1983 false arrest and malicious prosecution claims.") (citations omitted).

A malicious prosecution claim under Section 1983 cannot be alleged based on a violation of "substantive due process." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004). Instead, to state a malicious prosecution claim, plaintiff must prove that the defendants acted for the purpose of depriving her of a "specific constitutional right." *Id*. That right can be found, for example, in the Fourth Amendment. Malicious prosecution claims arising under the Fourth Amendment can be asserted "government investigators" when the investigators are "submit false and material information in a warrant affidavit." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) "Under this authority, a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." *Id*.

Malicious prosecution claims under Section 1983 can be grounded in other, specific constitutional rights. *See, e.g., Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004) (plaintiff "properly alleged that the defendants engaged in malicious conduct with the purpose of

5

depriving him of his constitutional rights to free speech and equal protection, he stated a claim for malicious prosecution under § 1983 with respect to the alleged First and Fourteenth Amendment violations.").

As made clear in her Opposition to the Haynes/Wrapp motion, Washington bases her malicious prosecution claim based on the violation of her Fourth Amendment rights and her Fourteenth Amendment right to equal protection. Oppo. to Haynes/Wrapp at 5. Defendants argue that Washington fails to state a claim for malicious prosecution under Section 1983 on a number of grounds: (1) Washington does not and cannot plead facts showing an absence of probable cause; (2) Washington has not shown the depravation of another constitutional right; and, as to White, (3) Washington has failed to allege facts that White exercised any control over the decision of Haynes and Wrapp to arrest Washington.[3]

### A. Probable Cause

Defendants assert that because White reported that Washington assaulted and attacked him, and Washington admits that she refused to leave when White wanted her to, probable cause existed for her arrest and prosecution for domestic violence and trespass. In California, there "is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie*-but not conclusive-evidence of probable cause." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). However, plaintiffs are allowed "an opportunity to rebut, or overcome, the *prima facie* finding. . . . Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id*.

A related hurdle discussed by White that Washington must also address is the rebuttable

---

[3] Hayes/Wrapp also move to dismiss arguing that Washington has failed to allege an intentional falsification of evidence claim under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001). A *Devereaux* claim is based on a violation of due process and requires a plaintiff to allege (1) the defendants continued their investigation despite the fact that they knew or should have known that plaintiff was innocent; or (2) the defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information. *Id.* at 1076. Plaintiff clarifies in opposition that she is not asserting a *Devereaux* claim. Oppo. to Hayes/Wrapp at 6.

presumption that a prosecutor exercises independent judgment in deciding to file charges. That presumption, if not rebutted, protects officers for malicious prosecution claims because of the "intervening fault of [the prosecutors] in the chain." *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981); *see also Newman v. County of Orange*, 457 F.3d 991, 995 (9th Cir. 2006) ("If charges are filed, *Smiddy* protects the officers unless such evidence shows that officers interfered with the prosecutor's judgment in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges.").

Both the *prima face* probable cause and *Smiddy* presumption can be overcome by specific allegations showing that the officers procured the filing of the criminal complaint "by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Awabdy*, 368 F.3d at 1067; *Newman*, 457 F.3d at 994; *see also Newman,* 457 F.3d at 995 (noting that a suspect's account of an incident, by itself, cannot "serve as evidence that officers interfered with the prosecutor's decision."). Here, Washington alleges that defendants met and conspired to have her arrested. Compl. ¶¶ 18-19. And then the three caused Washington to be prosecuted by the District Attorney's office based only White's "self-serving statement" and Haynes "biased and incomplete" police report, which did not include any statements from Washington nor the "exculpatory" interview of White by Wrapp. *Id.* ¶ 20. She then alleges that the District Attorney relied "on the false allegations of Mr. White, and the biased investigation by Defendants Haynes and Wrapp, to prosecute the case." *Id*. ¶ 22.

These allegations, on their face, are insufficient to overcome the probable cause and *Smiddy* presumption. As to probable cause, Washington acknowledges that she and White had engaged in a physical altercation and that she refused to leave his home when he requested that she do so. *Id.* ¶¶ 12-13. Therefore, on the face of the Complaint, there appears to have been probable cause for Washington's arrest and the subsequent charges. Moreover, while Washington alleges that White's allegations to Haynes and Wrapp were "self-serving" and "false" and the resulting police report by Haynes was "biased and incomplete," she does not identify the unfavorable facts that were false or the favorable facts that were omitted from White's statement to Haynes or that Haynes omitted from her report. Moreover, while Washington alleges that the

7

Wrapp interview with White was not mentioned in the police report or disclosed until trial was underway, she fails to allege that these three defendants intentionally withheld from the prosecutor the exculpatory interview as well as facts showing why that interview was exculpatory. *See, e.g.*, *Newman*, 457 F.3d at 995 (affirming summary judgment in favor of defendant officers because the plaintiff failed to provide evidence of material omissions or inconsistent police or eyewitness accounts).

Simply put, Washington has failed to allege sufficient facts to rebut the prima facie probable cause showing and the *Smiddy* presumption.

### B. Deprivation of Constitutional Right

White also argues that Washington cannot prevail on a Section 1983 claim of malicious prosecution because she does not allege sufficient facts to support that defendants violated a specific constitutional right. *See Awabdy,* 368 F.3d at 1069 ("a § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of depriving him of a 'specific constitutional right.'"). As discussed above, Washington has failed to plead facts to support a violation of her Fourth Amendment rights. For the reasons discussed in the remainder of this Order, Washington does not adequately allege a violation of another specific constitutional right as to any defendant.

### C. Control

Relevant only to the claim asserted against him, White argues that because there are no allegations that he had control over the arrest or investigation made by Haynes and Wrapp and the contents of the subsequent police report, Washington cannot sustain a malicious prosecution claim against him. In a Section 1983 action against a private party, a private party can only be held liable if he or she is a "willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)). "[A]bsent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]." *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986) (citation omitted).

Washington concedes that she has not alleged that White had any control over the decision of Haynes and Wrapp to arrest her, the investigation they conducted, or the police report written by Haynes. She argues instead that control is irrelevant because she is alleging that the three defendants conspired to have her maliciously prosecuted and that she has sufficiently alleged that White conspired with the Haynes and Wrapp.

In order to allege a conspiracy under Section 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir.1989) (en banc)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. at 441. This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). In addition, a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir.2005).

In her Complaint, Washington does not clearly plead a conspiracy to maliciously prosecute her under Section 1983, as opposed to a direct malicious prosecution claim. *See* Complaint ¶¶ 30-34. If she chooses to amend, Washington must not only cure the deficiencies identified above, but she must also make clear whether her claim against White is based on a conspiracy between a private actor (White) and state actors (Haynes and Wrapp) to maliciously prosecute her in violation of Section 1983 or whether she contends that White is a state actor.[4]

And because Washington effectively concedes that she has not alleged that White had control over the decision of Haynes and Wrapp to arrest her, she has not alleged facts in support of proximate cause with respect to White's alleged involvement in the arrest and prosecution if White

---

[4] Washington seems to acknowledge that White, in the context of her suit, is a private actor. *See* Oppo. to White MTD at 6 (citing private party and state action conspiracy cases). But then she later argues that there is no support for requiring her to allege "'control' for an off-duty police officer who conspires with fellow on-duty officers to arrest" Washington. Oppo. to White MTD at 8. When she amends, Washington should identify whether she contends White was a state actor in his own right or a private actor who conspired with state actors Haynes and Wrapp.

is only a private actor. *See, e.g., Van Dusen v. City of Oakland*, 13-CV-05023-HSG, 2015 WL 1800587, at *5 (N.D. Cal. Apr. 20, 2015), *aff'd*, 678 Fed. Appx. 582 (9th Cir. 2017) (unpublished) (requiring allegations of control by private actor over state actors following *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986)).

Washington's Section 1983 malicious prosecution claims is DISMISSED with leave to amend.

## II. EQUAL PROTECTION BASED ON A CLASS OF ONE

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citation omitted). The plaintiff bears the burden of pleading that others are similarly situated with him and how they are similarly situated. *Scocca v. Smith*, No. 11-cv-1318-EMC, 2012 WL 2375203, at *5 (N.D. Cal. June 22, 2012). "A class of one plaintiff must show that the discriminatory treatment was intentionally directed just at him, as opposed to being an accident or a random act." *N. Pacifica*, 526 F.3d at 486 (ellipses and quotation marks omitted). Showing that the treatment was "intentional" does not require showing subjective ill will. *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

In her Complaint, Washington alleges that she "was treated differently than other women similarly situated and there was no rational basis for the difference in treatment." Complaint ¶ 37. She also alleges that "the plan to arrest her was irrational and arbitrary" and that she "was deprived of equal protection in violation of the Fourteenth Amendment." *Id.* ¶¶ 37-38.

In Washington's view, she was treated differently from the other woman that White accused of domestic violence two years earlier. *See id.* ¶ 21. But the mere fact that the other woman about whom White reported domestic violence was not arrested is simply not sufficient to

10

plead an equal protection claim based on a class of one. Washington has alleged no facts showing how she and the other woman were similarly situated. Nor has she alleged facts showing that given the information of which Haynes and Wrapp were aware, they acted without a rational basis in arresting her. Instead, all we are left with is Washington's conclusory allegation that defendants treated her differently without any rational basis; that is not sufficient. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

If Washington chooses to amend this claim, she should describe the facts that support her belief that she has been intentionally treated differently than others who are similarly situated and why there is no rational justification for this difference in treatment. *Compare Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (A "class of one" equal protection claim arises when a plaintiff is "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"), *with Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) ("The class-of-one doctrine does not apply to forms of state action that by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments") (internal quotation marks omitted).[5]

Washington's equal protection claim based on a class-of-one is DISMISSED with leave to amend.

### III. EQUAL PROTECTION BASED ON RACE

A plaintiff alleging denial of equal protection under Section 1983 based on race must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d

---

[5] To the extent this or the following equal protection claims are asserted against White, they are deficient for the additional reasons identified earlier. Washington fails to specify whether White is alleged to be a private actor who conspired with Haynes and Wrapp or is somehow a state actor in his own right for purposes of these claims. And if a private actor, Washington fails to allege facts showing White had any control over the arrest and prosecution of Washington to satisfy proximate cause.

11

1071, 1081–82 (9th Cir. 2003). Proof of a discriminatory intent or purpose is required to show an equal protection violation based on race. *City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 193–94 (2003).

Washington alleges that she was deprived of equal protection of the law because of her race. Complaint ¶ 42. That claim, presumably, is based upon the earlier incident when White called to report an incident of domestic violence and the Caucasian woman involved was not arrested. *Id.* ¶ 43. This does not support a reasonable inference that Washington was arrested because of her race. Washington fails to provide any facts that demonstrate that she was arrested due to racial animus on the part of the defendants (such as that the facts surrounding the prior arrest indicate that Washington and the white woman were similarly situated (*e.g.* alleged to have engaged in the same behavior) but only Washington was arrested). Instead, she merely concludes that she was deprived of equal protection of the law because of her race.

To argue that her allegations are sufficient, Washington points to the Ninth Circuit's decision in *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004). According to Washington, as in *Awabdy*, she has adequately alleged that defendants treated her differently because of her race. Oppo. to White at 11. But in *Awabdy*, plaintiff included allegations that the defendants "made it known that they intended to 'get' him because he was of 'Arabic extraction.'" *Awabdy*, 368 F.3d at 1065. There are no similar allegations here. Instead, there is only the conclusory allegation that she was "deprived of equal protection of the law because of her race" because of an incident she does not describe that occurred two years earlier.

Washington's equal protection claim based on race is DISMISSED with leave to amend.

**IV. BRADY**

Washington argues that her fourth cause of action should not be dismissed as the complaint alleges due process violations because exculpatory evidence was withheld – the interview with White that Wrapp recorded – in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* violations require three elements: 1) the suppressed evidence must be favorable to the accused; 2) the state must have suppressed the evidence; and 3) the suppressed evidence must be material to the guilt or innocence of the accused. *U.S. v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (en

12

banc). To be "material," the suppressed evidence must have had a "reasonable probability" of producing a different result had the evidence been admitted at trial. *Id.* at 1053–54. Defendants argue that Washington cannot state a Section 1983 claim for a *Brady* violation because the case against her was dismissed, meaning that the inclusion of the allegedly excluded evidence would not have produced a different trial outcome. I agree.

The Ninth Circuit has not published a precedential decision that addresses whether an individual whose case results in dismissal of the criminal charges or acquittal can bring a Section 1983 claim for *Brady* violations. In *Smith v. Alamada*, 623 F.3d 1078, 1088 (9th Cir. 2010), *withdrawn and superseded by* 640 F.3d 931 (9th Cir. 2011), the court held that a defendant who is ultimately acquitted could not bring Section 1983 claims for alleged *Brady* violations. That opinion was withdrawn and in a superseding opinion the court declined to reach the issue. *Smith v. Alamada*, 640 F.3d 931 (9th Cir. 2011). And in an unpublished opinion, the Ninth Circuit indicated skepticism that an individual whose criminal charges are dismissed can assert a Section 1983 claim for alleged *Brady* violations. *See Puccetti v. Spencer*, 476 Fed. Appx. 658, 660-61 (9th Cir. 2011).

The circuits that have reached the issue have held that a plaintiff who was never convicted of a crime cannot bring a section 1983 claim based on a *Brady* violation. *See, e.g.*, *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial"); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) ("Plaintiff, however, was never convicted and, therefore, did not suffer the effects of an unfair trial. As such, the facts of this case do not implicate the protections of *Brady*"); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) ("Because the underlying criminal proceeding terminated in appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory evidence."). I find these cases persuasive and conclude that Washington cannot bring a Section 1983 claim based on the alleged *Brady* violation given that she was acquitted.[6]

---

[6] There is another fundamental problem with Washington's Section 1983 *Brady* claim. *Brady* speaks to the disclosure obligations of the "prosecution." *Brady*, 373 U.S. at 87 ("suppression by

13

Because Washington cannot state a claim under Section 1983 for the alleged Brady violations, this claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons discussed below, I GRANT defendants' motions to dismiss WITHOUT PREJUDICE concerning Washington's Section 1983 causes of action for (i) malicious prosecution, (ii) violation of equal protection based on a class of one, and (iii) violation of equal protection based on race. As for Washington's Section 1983 cause of action for the violation of due process based on the due process protection outlined in *Brady*, I GRANT defendants' motions WITH PREJUDICE. Washington has 20 days from the date of this Order to file an amended complaint if she chooses to do so.

**IT IS SO ORDERED.**

Dated: May 18, 2018

William H. Orrick
United States District Judge

---

the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). The defendants did not prosecute Washington, therefore, they are not proper defendants for a malicious prosecution claim. *Riese v. County of Del Norte*, 12-CV-03723-WHO, 2014 WL 4089195, at *13 (N.D. Cal. Aug. 19, 2014), *aff'd*, 671 Fed. Appx. 486 (9th Cir. 2016)(unpublished).

14